IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

DERRICK DEONNE GREEN          §
                              §
        Petitioner,           §
                              §
VS.                           §
                              §   NO. 3-07-CV-0765-N
NATHANIEL QUARTERMAN, Director §
Texas Department of Criminal Justice, §
Correctional Institutions Division §
                              §
        Respondent.           §

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Derrick Deonne Green, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2004, petitioner pled guilty to aggravated sexual assault of a child. Punishment, enhanced by two prior felony convictions, was assessed at 25 years confinement. His conviction and sentence were affirmed on direct appeal. *Green v. State*, No. 05-04-00898-CR, 2005 WL 2950088 (Tex. App.--Dallas, Nov. 7, 2005, no pet.). Petitioner also filed an application for state post-conviction relief. The application was denied without written order. *Ex parte Green*, WR-66,241-01 (Tex. Crim. App. Nov. 15, 2006). Petitioner then filed this action in federal district court.

II.

In his sole ground for relief, petitioner contends that he received ineffective assistance of counsel at trial.

Respondent has filed a motion to dismiss this case on limitations grounds. Petitioner addressed the limitations issue in a written reply filed on July 30, 2007. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 25 years in prison for aggravated sexual assault of a child. The court of appeals affirmed his conviction on November 7, 2005, and petitioner did not seek further review in the Texas Court of Criminal Appeals. Therefore, his conviction became final 30 days thereafter on December 7, 2005. *See* TEX. R. APP. P. 68.2 (PDR must be filed within 30 days after court of appeals renders judgment or overrules motion for rehearing); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner filed an application for state post-conviction relief on August 14, 2006. The application was denied on November 15, 2006. Petitioner filed the instant case on April 26, 2007.

The statute of limitations started to run on December 7, 2005, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). The limitations period was tolled from August 14, 2006 until November 15, 2006, a total of 94 days, while a properly filed application for post-conviction relief was pending in state court. *Id.* § 2244(d)(2). Even allowing for this tolling period, petitioner still waited more than one year to file his federal writ. In an attempt to avoid the dismissal of his case on limitations grounds, petitioner asserts various arguments predicated on Rule 9(a) of the Rules Governing Section 2254 Cases.[1] However, Rule 9(a) has been deleted from the habeas rules as unnecessary in light of the one-year statute of limitations governing section 2254 proceedings. *See* Rule 9, Rules Governing Section 2254 Cases, adv. comm. notes (2004); *Rojas v.*

---

[1] Under the prior version of Rule 9 cited by petitioner:

> A [habeas] petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced by his ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

Rule 9(a), Rules Governing Section 2254 Cases (*repealed* 2004).

*Cockrell*, 44 Fed.Appx. 652, 2002 WL 1396972 at *2 (5th Cir. Jun. 7, 2002), *cert. denied*, 123 S.Ct. 560 (2002) (noting that Rule 9(a) standard for dismissal has been replaced by "bright-line" limitations rule under AEDPA). Contrary to petitioner's argument, the relevant inquiry for limitations purposes is whether he filed his federal writ within one year from the date his conviction became final--not whether respondent has been prejudiced by the delay.

Petitioner also seeks equitable tolling of the AEDPA statute of limitations because he miscalculated the relevant time period due to "mistake, inadvertence, or excusable neglect" and has made a substantial showing of the denial of a constitutional right. Neither excuse constitues a "rare and exceptional circumstance" that merits equitable tolling. *See Prado v. Cockrell*, No. 4-02-CV-0414-Y, 2002 WL 31875600 at *1 (N.D. Tex. Dec. 18, 2002) (equitable tolling not permitted where petitioner miscalculated limitations period); *Stevenson v. Quarterman*, No. 3-07-CV-0846-G, 2007 WL 1989596 at *2 (N.D. Tex. Jul. 10, 2007) (citing cases) (equitable tolling not permitted merely because petitioner believes he is entitled to relief).

## RECOMMENDATION

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 13, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE